Military pay; disability retirement pay; judicial review of Secretarial determination of fitness for duty. — Plaintiff, a former Regular Marine Corps (Infantry) captain who was, at his election, discharged from the Marine Corps in 1973 following the end of the 5-year period during which his name had been carried on the Marine Corps Temporary Disability Retired List (TDRL), sues to recover disability retirement pay. Plaintiff contends that the Secretary of the Navy erred in finding him fit for duty in 1973, that his percentage of disability, under the Standard Schedule of Rating Disabilities in use by the Veterans Administration at that time, was 30 percent or more, and that "by law”, he should have been retired for physical disability. Following service in Vietnam, plaintiff appeared before a Physical Evaluation Board and was found unfit for duty by reason of physical disability which "may be” permanent, 30 percent disabling. Effective January 15, 1968, he was transferred to TDRL, in the grade of captain, as not physically qualified to perform the duties of his grade. Plaintiff appeared before another PEB in February, 1973, which recommended that plaintiff was fit for duty. The Commandant of the Marine Corps advised plaintiff that the Secretary of the Navy had directed plaintiffs name be removed from TDRL. Plaintiff elected discharge rather than reappointment in the Marine Corps in the grade of captain, and he was discharged *604 effective October 31, 1973. On July 3, 1980 Trial Judge Harry E. Wood filed a recommended opinion concluding that plaintiff is not entitled to recover. The trial judge found that between his placement on TBRL in 1968 and 1973, plaintiffs inflammatory arthritis improved to the point where he lost no time from work for the 3 years prior to his PEB hearing. In 1973, plaintiff took only occasional aspirin; he had no severe swelling since 1968. On physical examination in September or October 1972, plaintiff was "within the limits of normal except for absent left ankle jerk and left lateral food hypesthesia”, and on physical examination by the PEB medical member February 15, 1973, "essentially the only positive finding [was] that he now has an absent left achilles tendon reflex with approximately 2+ on the right side”. Therefore, the determination of the Secretary that plaintiff was fit for duty was not inconsistent with applicable statutes or regulations, and was not arbitrary, capricious, or unsupported by substantial evidence. On March 20, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case and dismissed the petition.